**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICROSOFT CORPORATION,

Plaintiff

-v-                                                        CIVIL ACTION NO.

JOHN DOES 1-20,

Defendants.                                           August 27, 2010

_____

## COMPLAINT

Plaintiff Microsoft Corporation, by and through its undersigned attorneys, alleges as follows:

## INTRODUCTION

1.     This is an action by Microsoft Corporation ("Microsoft") to obtain injunctive relief and recover damages arising from the infringement of Microsoft's copyrights and other violations by certain unidentified defendants, JOHN DOES 1-20 ("Defendants"). In addition to damages and injunctive relief, Microsoft seeks an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and other relief.

## PARTIES

2.     Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft develops, advertises, markets, distributes, and licenses computer software and related products.

3.      Microsoft is unaware of the true names and capacities of John Does 1-20 and therefore sues these defendants by such fictitious names.   Defendants do business on the internet via a website and domain name known as Jigantic.com, and advertise and distribute computer software and related products through that website and by other means.   On their website, Defendants identify themselves only as "Jigantic.com" and purport to be located at 3960 Howard Hughes Parkway, Suite 500, Las Vegas, NV 89169.   A screenshot of Defendants' "Contact Us" page is below:



4.      Upon information and belief, the identified address is merely a "virtual office," and, from Microsoft's investigation, Defendants do not appear to be current tenants – virtual or otherwise.

5.     Defendants have also chosen to register their domain name, Jigantic.com, by proxy, hiding their true identity behind a privacy protection service known as Domains by Proxy, Inc.   A screenshot of Defendants' WHOIS information is below:

**Domain Whois record**

Queried whois.internic.net with "dom jigantic.com"...

```
    Domain Name: JIGANTIC.COM
    Registrar: GODADDY.COM, INC.
    Whois Server: whois.godaddy.com
    Referral URL: http://registrar.godaddy.com
    Name Server: NS3.VOLUSION.COM
    Name Server: NS4.VOLUSION.COM
    Status: clientDeleteProhibited
    Status: clientRenewProhibited
    Status: clientTransferProhibited
    Status: clientUpdateProhibited
    Updated Date: 02-may-2010
    Creation Date: 01-may-2007
    Expiration Date: 01-may-2011

>>> Last update of whois database: Tue, 17 Aug 2010 21:42:24 UTC <<<
```

Queried whois.godaddy.com with "jigantic.com"...

```
Registrant:
    Domains by Proxy, Inc.
    DomainsByProxy.com
    15111 N. Hayden Rd., Ste 160, PMB 353
    Scottsdale, Arizona 85260
    United States
```

6.     Microsoft will amend this complaint to allege Defendants' true names and capacities when ascertained.   Microsoft is informed and believes, and therefore alleges, that each of the fictitiously named John Doe defendants is responsible in some manner for the occurrences herein alleged, and that Microsoft's injuries as herein alleged were proximately caused by such defendants.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Microsoft's claims arising under federal law pursuant to 17 U.S.C. § 501 (copyright infringement), 15 U.S.C. § 1121(a) (trademark infringement) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Microsoft's claims arising under state law because those claims are so related to Microsoft's claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Microsoft's claims occurred in the District, and Defendants have sufficient connection with the District to make venue proper.   Specifically, Defendants have made the infringing sale that is the subject of this Complaint, below, within the District of Connecticut.

## MICROSOFT SOFTWARE PROGRAMS

9.     Microsoft develops, advertises, markets, distributes and licenses a number of computer software programs and related products. Microsoft's software programs are recorded and distributed on CD-ROMs and/or magnetic diskettes, and are also distributed via authorized electronic download. Microsoft copyrighted software programs include the following:

          a.     <u>Microsoft SQL Server 2008</u> Microsoft has developed and advertises, markets, distributes and licenses a software program known as

Microsoft SQL Server 2008 ("SQL Server 2008"). SQL Server 2008 is a comprehensive data platform that meets the high demands of enterprise online transaction processing and data warehousing applications. Microsoft holds a valid copyright in SQL Server 2008 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft SQL Server 2008 Enterprise bearing number TX 6-881-816, is attached as Exhibit 1 and is incorporated by reference.

10.    Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

a.    "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236 and Renewal, for computer programs and computer programming services; and

b.    "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation.

True and correct copies of the Trademark Registrations for subparagraphs a. and b. (the "Microsoft Marks") are attached as Exhibits 2 and 3, respectively, and are incorporated by reference.

## MICROSOFT LICENSING PROGRAMS

11.     Individual users of Microsoft software products are required to agree to the terms of the end user license agreement that is distributed with the software. Businesses and organizations that desire to install and use Microsoft software on multiple personal computers ("PCs"), or to allow multiple PCs to access Microsoft software installed on a server, are offered the option of obtaining special volume licenses from Microsoft. Volume licenses are especially convenient for customers who already own a copy of the Microsoft software that they wish lawfully to install and use on additional PCs.

12.     Microsoft Open License Program: Microsoft offers a type of volume license agreement called an Open License that is intended to meet the software needs of small- to medium-size businesses and organizations. The Open License program is for customers with a minimum of five and a maximum of 250 PCs. The Open License program allows businesses and organizations to purchase volume licenses for specific types of Microsoft software, and to purchase additional licenses as they are needed, and provides flexible, cost-effective ways for customers to acquire licenses to use the latest Microsoft software products. A license acquired through the Open License program is not a software product; rather, it is legal authorization by Microsoft allowing the licensee (customer) the right to access and use Microsoft software on the number of PCs and/or network servers specified in the Open License.

13.     Microsoft Client Access License: Microsoft offers a type of volume

license called a Client Access License ("CAL") that may be purchased by businesses and organizations in the Open License program. CALs are purchased by Open License customers who use networked workstations and/or network server software to perform certain functions involving multiple PCs. A CAL is not a software product, but legal authorization by Microsoft allowing the licensee (customer) the right to access and use Microsoft software on the licensee's server from a specified number of PCs connected to the server. By way of example, a 5-CAL would allow up to five PCs to lawfully access Microsoft software on a networked server.

14.     Microsoft Software Assurance: Microsoft offers a software maintenance and support product called Software Assurance. Software Assurance is available to licensed users of Microsoft Windows, Office and other server and desktop software. Software Assurance provides a variety of rights that can be accessed during the term of coverage (typically two years), including expanded customer service, special payment schedules, and the right to upgrade for no additional charge to newer versions of Microsoft software that are released during the coverage period ("New Version Rights Benefit"). Software Assurance is sold in units that are intended to correspond to the number of licenses held by the customer. For example, a customer with a license acquired through the Open License Program for use of Microsoft software on 25 PCs, or a customer with a CAL authorizing access by 25 PCs to Microsoft software on a networked server, would need to purchase 25 units of Software Assurance to be able to use the New Version Rights Benefit and download the new software on the customer's 25 PCs and/or server.

15.     Software Assurance is priced at approximately half the cost of a license acquired through the Open License program for the same number of licensed users. As a software maintenance and support product, Software Assurance is often sold to customers in conjunction with their purchases of software licenses; it can also be sold as a standalone product to customers who already have software licenses. Importantly, Software Assurance is not a software license, or a substitute for a software license, and creates no license rights for a customer who does not hold a valid software license.

## DEFENDANTS' UNLAWFUL CONDUCT

16.     Defendants advertise and distribute Microsoft software and related products via the internet, including Defendants' website at www.jigantic.com, and by other means.

17.     Defendants have actively engaged in a fraudulent bait-and-switch scheme involving sales of Microsoft software licenses and Software Assurance. Defendants have switched and apparently are continuing to switch customer orders for Microsoft software licenses with less expensive Software Assurance which is not a license and creates no license rights. Upon information and belief, Defendants have engaged in this sales practice with intent to deceive Microsoft and Defendants' customers, and to retain for Defendants the significant price difference between licenses and Software Assurance. A direct and inevitable consequence of Defendants' fraud has been widespread infringement of Microsoft's copyrights by unsuspecting

customers who were led by Defendants to believe they had purchased valid licenses to use Microsoft software.

18.     Recently, Microsoft became aware of Defendants' unusual sales activity involving Microsoft's Software Assurance coverage. Microsoft investigators subsequently made the below "test purchase," which would allow Microsoft to ascertain the true nature of Defendants' conduct.

a. <u>Test Purchase</u>: On or about July 14, 2010, an investigator working for Microsoft within the District of Connecticut placed an order from Defendants via Jigantic.com for software and licenses. The licenses were advertised as "**SQL Server 2008 Standard w/ 5 CALs**" on Defendants' website, www.jigantic.com.  The listed product was described in bold as **"Brand New Product Registered Directly with Microsoft's License Program – Software with Key Provided Directly from Microsoft."** Defendants purported to sell the software licenses to the investigator for $1,499.99.

19.     Defendants confirmed the investigator's purchase of software licenses in two separate communications:

a.     On or about July 15, 2010, upon placing his order, the investigator received correspondence from Defendants that confirmed the investigator's payment via PayPal for "SQL Server 2008 Standard w/ 5 CALs," and that the order would be processed that day.

b.     On or about July 23, 2010, the investigator received from

Defendants another email, which confirmed shipment of the above order.

20.    On July 19, 2010, the investigator received within the District of Connecticut a shipment via UPS from Jigantic.com, which contained one sealed disc that contained the copyrighted Microsoft SQL Server 2008 Standard software program.  Shortly thereafter, the order received from Defendants was forwarded to Microsoft for inspection.

21.    Upon review of the transaction and delivered materials, Microsoft determined that Defendants: (a) did not forward the investigator's actual order for the SQL Server 2008 Standard w/ 5 CALs to Microsoft, but instead switched the order to less expensive Software Assurance without any software licenses; and (b) distributed to the investigator (Defendants' customer) a disc containing Microsoft's copyrighted SQL Server 2008 Standard software program which the investigator had no license to install or use, in an obvious attempt to further deceive the "customer" into believing that it had purchased a genuine license. Had the investigator been a typical customer and attempted to use Microsoft's copyrighted SQL Server 2008 Standard software in reliance upon Defendants' representations, such use would not have been licensed or authorized by Microsoft.

22.    A direct and inevitable consequence of Defendants' fraudulent bait-and-switch scheme is widespread infringement of Microsoft's copyrights by customers who were led to believe by Defendants they had purchased licenses for Microsoft software. Customers have used and apparently are continuing to use Microsoft software in reliance upon Defendants' false representations.   Without actual

Microsoft software licenses, Defendants' customers' use of Microsoft's copyrighted software is not licensed or authorized by Microsoft.

23.    Upon information and belief, by this conduct, including their advertising activities and unauthorized use of Microsoft's software, components, screen displays, product packaging and marks to describe the items that they distribute and sell, Defendants misappropriated Microsoft's advertising ideas and style of doing business and infringed Microsoft's copyrights, titles and slogans and trademarks.

24.    Upon information and belief, Defendants' violations are willful, deliberate and committed with prior notice and knowledge of Microsoft's copyrights and trademarks. Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Microsoft. Microsoft brings this action to recover damages for the harm it has sustained, to impose a constructive trust upon Defendants' illegal profits and assets purchased with those profits, and to obtain injunctive relief prohibiting Defendants' further violations.

## Count One

### [Copyright Infringement, 17 U.S.C. § 501, *et seq.*]

25.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24, inclusive.

26.    Microsoft is the sole owner and licensor of SQL Server 2008, and other software and components, including user reference manuals, user guides, screen displays and product packaging covered by Microsoft's registered copyrights and

bearing Microsoft's registered trademarks or imitations thereof, and all corresponding copyrights and Certificates of Registration.

27.     Defendants have infringed the copyrights in Microsoft's software, including but not limited to the program identified in the preceding paragraph, and other software and components covered by Microsoft's registered copyrights and Certificates of Registration, by inducing, causing or materially contributing to infringements of those copyrights by Defendants' customers who were misled or deceived by Defendants in believing they had purchased valid licenses authorizing their use of Microsoft software.

28.     Defendants' customers desired and intended to acquire licenses to use Microsoft software. But for Defendants' unlawful sales practice, Defendants' customers would have been properly licensed to use Microsoft software and would not have infringed Microsoft's copyrights in that software.

29.     Defendants have induced, caused or materially contributed to infringements of Microsoft's copyrights by Defendants' customers with knowledge of that infringing conduct. At a minimum, Defendants were substantially certain that their unlawful sales practice would result in infringements of Microsoft's copyrights by Defendants' customers.

30.     Defendants' conduct has been willful within the meaning of the Copyright Act.  At a minimum, Defendants have acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

31.     As a result of their wrongful conduct, Defendants are liable to Microsoft

for copyright infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its goodwill and business reputation. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

32.    Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendants' conduct has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

33.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's goodwill and business reputation such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

34.    Microsoft is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Count Two

### [Trademark Infringement, 15 U.S.C. § 1114]

35.    Microsoft repeats and incorporates by this reference each and every

allegation set forth in paragraphs 1 through 34, inclusive.

36.     Defendants have utilized the Microsoft Marks, without authorization, in connection with the offering of purported software and licenses to the consuming public.

37.     By engaging in bait-and-switch fraud and the other unlawful practices and improper means described in this Complaint, and for the improper purpose of retaining for Defendants the price difference between Microsoft software licenses and Software Assurance, Defendants have infringed the Microsoft Marks, in violation of 15 U.S.C. § 1114(1).

38.     Because Microsoft has marketed, advertised, promoted, distributed, and licensed its products and services under the Microsoft Marks, the Microsoft Marks are the means by which Microsoft's software is distinguished from the products and services of others in the same field or related fields.

39.     Because of Microsoft's long, continuous, and exclusive use of the Microsoft Marks, they have come to mean, and are understood by customers, end users, and the public to signify products or services of Microsoft.

40.     Defendants' use of the Microsoft Marks in connection with their deceptive sales practices has caused, and is likely to cause, confusion, mistake, or deception as to the quality, source, origin, or authenticity of products and services advertised, distributed or sold by Defendants.

41.     Defendants' use of the Microsoft Marks in connection with their deceptive sales practices is likely to lead the public to conclude, incorrectly, that those

practices were authorized or approved by Microsoft, to the damage and harm of Microsoft, its other licensees, and the public.

42.     Defendants have used and are continuing to use the Microsoft Marks in connection to their deceptive sales practices with the willful and calculated purposes of misleading, deceiving or confusing customers and the public, and trading upon Microsoft's goodwill and business reputation. At a minimum, Defendants have acted with willful blindness to and in reckless disregard of Microsoft's registered trademarks and service mark.

43.     As a result of its wrongful conduct, Defendants are liable to Microsoft for trademark infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

44.     In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful, within the meaning of the Lanham Act, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). Alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

45.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).   Microsoft has no adequate remedy at law because, among other things, (a) the Microsoft Marks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to

Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the quality, source, origin or authenticity of products and services advertised, distributed or sold by Defendants, and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

46.     Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117(a).


## Count Three

### [False Designation of Origin, 15 U.S.C. § 1125]

47.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48.     Microsoft has designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft Visual Designs") for its products and services.

49.     Defendants have used the Microsoft Visual Designs in connection with their offering and sale of purported Microsoft software and licenses, including displaying same on their website, www.jigantic.com, in connection with offers and sales.

50.     By engaging in bait-and-switch fraud and the other unlawful practices and improper means described in this Complaint, and for the improper purpose of

retaining for Defendants the price difference between Microsoft software licenses and Software Assurance, Defendants have used the Microsoft Visual Designs is a manner not licensed or authorized by Microsoft.

51.     Defendants' use of the Microsoft Visual in connection with their deceptive sales practices is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Microsoft, or as to the origin, sponsorship or approval by Microsoft, in violation of 15 U.S.C. § 1125(a).

52.     Defendants' use of the Microsoft Visual Designs in its commercial advertising and promotion, including on its website (www.jigantic.com), misrepresents the nature, characteristics, qualities, affiliation and/or source of Defendants' goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a).

53.     Defendants have used and are continuing to use the Microsoft Visual Designs in connection with their deceptive sales practices with the willful and calculated purposes of misleading, deceiving or confusing customers and the public, and trading upon Microsoft's goodwill and business reputation. At a minimum, Defendants have acted with willful blindness to and in reckless disregard of Microsoft's rights in the Microsoft Visual Designs.

54.     As a result of their wrongful conduct, Defendants are liable to Microsoft. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

55.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Microsoft has no adequate remedy at law because, among other things, (a) the Microsoft Visual Designs are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the quality, source, origin or authenticity of products and services advertised, distributed or sold by Defendants, and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

56.     Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## **Count Four**

### **[Fraud.]**

57.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58.     Defendants have falsely represented to Microsoft: (a) that orders for Software Assurance submitted by Defendants represented Microsoft products sought and paid for by Defendants' customers, (b) that product descriptions and/or part numbers supplied by Defendants in connection to those orders represented correct product descriptions and/or part numbers for the products sought and paid for by Defendants' customers, and (c) that payments forwarded by Defendants represented

correct payments for the products sought and paid for by Defendants' customers.

59.     By their actions, Defendants fraudulently induced Microsoft to accept and approve sales of Software Assurance to Defendants' customers when, in truth and fact, those customers sought and paid for Microsoft software and/or licenses authorizing their use of Microsoft software. Microsoft would not have accepted and approved those sales, and would have instead sold the appropriate software licenses upon receipt of proper payment for those licenses, had Defendants not made their false representations and had Defendants not improperly retained the price difference between software licenses and Software Assurance.

60.     The false representations and omissions were made by Defendants with knowledge of their falsity, involved material facts, and were intended by Defendants to be acted upon by Microsoft to its detriment.

61.     Defendants' representations and omissions were false and misleading, and were intended by them to deceive or mislead Microsoft and induce Microsoft to accept and approve sales of Software Assurance to Defendants' customers, when those customers sought and paid for Microsoft software and/or licenses to make lawful their use of Microsoft software.

62.     Microsoft was unaware of the falsity of Defendants' representations and omissions, and reasonably and justifiably relied upon the same, in accepting and approving orders for Software Assurance based on false and misleading information supplied by Defendants.

63.     Defendants' conduct was willful, malicious or intentionally fraudulent, or

manifests a knowing and reckless indifference toward, and a disregard of, the rights of Microsoft, in violation of Connecticut and/or other applicable law.

64.    As a direct and proximate result of Defendants' wrongful conduct, Microsoft has suffered, and will continue to suffer, significant damages, including depriving Microsoft of lawful revenues and other valuable consideration from what should have been sales of software licenses; inducing, causing or materially contributing to widespread infringement of Microsoft's copyrights by Defendants' customers who were led to believe by Defendants they had purchased licenses for Microsoft software; and causing customer confusion regarding Microsoft's licensing and Software Assurance products, resulting in harm to Microsoft's goodwill and business reputation. Microsoft is entitled to recover such damages from Defendants, in an amount to be proven at trial, in addition to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment against Defendants as follows:

1)  That the Court enter a judgment against Defendants finding:

   a. that Defendants have willfully infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

   i.  TX 6-881-816 ("Microsoft SQL Server 2008")

   b. that Defendants have induced, caused or materially contributed to infringements of Microsoft's copyrights by Defendants' customers and others with knowledge of that infringing conduct, or with substantial certainty that Defendants' sales practice would result in infringements of Microsoft's copyrights;

   c. that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark in violation of 15 U.S.C. § 1114:

   i.  1,200,236 ("MICROSOFT"); and

   ii. 1,256,083 ("MICROSOFT");

   d. the Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation of fact, as to the affiliation,

connection or association of Defendants with Microsoft, or origin, sponsorship or approval of Microsoft, in violation of 15 U.S.C. § 1125(a);

e. that Defendants have made false or misleading representations with intent to deceive Microsoft and Defendants' customers as to Defendants' sale of software licenses, and to retain for Defendants the price difference between software licenses and other Microsoft products;

f. that Defendants have otherwise injured Microsoft's goodwill and business reputation by the acts and conduct set forth in this Complaint.

2) That the Court issue temporary, preliminary and/or permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others inactive concert or participation with Defendants, be enjoined and restrained from:

a. imitating, copying, or making any other infringing use, or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration Nos.:

i. TX 6-881-816 ("Microsoft SQL Server 2008"); and

ii. Other items or works protected by Microsoft copyrights;

b.  inducing, causing or materially contributing to infringements of Microsoft's copyrights by Defendants' customers or others;

c.  imitating, copying, or making any other infringing use, or infringing distribution of the software and/or materials now or hereafter protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

   i.  1,200,236 ("MICROSOFT);

   ii.  1,256,083 ("MICROSOFT"); and

   iii.  Other items or works now or hereafter protected by any Microsoft trademark or service mark;

d.  using any false designation of origin, false or misleading description, or false or misleading representation of fact as to the affiliation, connection or association of Defendants with Microsoft, or origin, sponsorship or approval of Microsoft, when such is not true in fact;

e.  making false or misleading representations or omissions in connection to sales of Microsoft licenses and CALs under the Open License program and/or Software Assurance;

f.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(f) above.

3) That the Court enter an order, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b) and Connecticut law, declaring that Defendants hold in trust, as constructive trustee for the benefit of Microsoft, all "profits" received by Defendants from their bait-and-switch fraud or other acts of inducing, causing or materially contributing to infringements of Microsoft's copyrights, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

4) That the Court enter an order, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b) and Connecticut law, requiring Defendants to prepare an accounting of all "profits" received by Defendants from their bait-and-switch fraud or other acts of inducing, causing or materially contributing to infringements of Microsoft's copyrights.

5) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

   a. Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and. 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

   b. Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for

Defendants' willful violation of Microsoft's registered trademark and service mark or, alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2) for Defendants' willful violation of Microsoft's trademarks and/or service mark;

c.  Microsoft's damages pursuant to state common law, including exemplary and punitive damages, for Defendants' fraud and other intentional or reckless conduct;

d.  Punitive, exemplary, and other damages pursuant to Connecticut law; and

e.  Microsoft's compensatory, consequential, and/or restitutionary damages, in an amount to be proven at trial.

6)  That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their sales of Microsoft licenses and CALs under the Open License program and/or Software Assurance, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities.

7)  That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action.

8)  That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated this 27th day of August, 2010.

THE PLAINTIFF
MICROSOFT CORPORATION


By: _____/s/_____

Brian C. Roche (ct17975)
Gerald C. Pia, Jr. (ct21296)
Roche Pia, LLC
Two Corporate Drive, Suite 248
Shelton, CT 06484
Phone: (203) 944-0235
Fax: (203) 567-8033
E-mail: broche@rochepia.com
        gpia@rochepia.com